UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL RUSHING,<br><br>Defendant. | Case No. 24-cr-00016-RFL-1   (LJC)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PRETRIAL RELEASE**<br><br>Re: Dkt. No. 21 |

This Order addresses Defendant Darryl Rushing's motion for release from pretrial detention. Upon consideration of the facts and arguments presented, and for the reasons stated on the record, the Court finds that the Government has met its burden to show, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e). Accordingly, the Court denies Mr. Rushing's motion for pretrial release. The present order supplements the Court's findings and order at the April 2, 2024 detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court has considered the factors under § 3142(g) in rendering its findings as the bases for its detention decision. Here, the Court further details the facts, legal standard, and arguments that it has considered in denying Mr. Rushing motion for pretrial release.

I.  **BACKGROUND**

On November 4, 2023, law enforcement officers found Mr. Rushing in possession of a stolen, loaded firearm, and subsequently he was charged by complaint with a violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On January 9, 2024, Mr. Rushing was indicted for the charge. The Government moved to detain Mr. Rushing. At a hearing on January 17, 2024, after Mr.

Rushing was arraigned on the indictment and pled not guilty, he waived his detention hearing and formal findings without prejudice. ECF No. 15. Subsequently, a change of plea hearing was scheduled for March 21, 2024, pursuant to the parties' joint request. ECF No. 19. On March 21, 2024, Mr. Rushing informed the Court that he did not wish to proceed with the change of plea, his sister had come forward as a potential surety, and he intended to seek release. ECF No. 20.

On March 22, 2024, Mr. Rushing moved for pretrial release.[1] ECF No. 21. The Government filed a memorandum in opposition. ECF No. 26. In addition to this memorandum, the Government had previously filed a memorandum in support of its motion for detention, as well as a supplemental brief that focused on Mr. Rushing's activities from 2020 to 2022. ECF Nos. 8, 13. Pretrial Services had prepared a pre-bail report in response to the Government's initial motion for detention, and an addendum report in response to Mr. Rushing's motion for release. ECF Nos. 13, 25. The pre-bail report contained information concerning Mr. Rushing's grandmother, who was willing to serve as a surety and custodian, and his sister, who was willing to serve a custodian only. Neither were able to attend to attend the originally scheduled January detention hearing. The pre-bail report also noted that Mr. Rushing self-reported that receives methadone treatment, and he was "open" to substance abuse treatment and would attend if ordered. In the report, his grandmother also stated that Mr. Rushing was addicted to opiates since 2019 and he needed mental health treatment. The report relayed three instances in which Mr. Rushing had been shot, once in 2019 and twice in 2022. The subsequent addendum report contained information regarding Mr. Rushing's mother, who expressed willingness to serve as a surety, and it also addressed Mr. Rushing's proposal that he enter a residential drug treatment program, New Bridge Foundation.

The Court heard held a hearing Mr. Rushing's motion for release from detention on April 2, 2024. The defendant was present and represented by Assistant Federal Defender Candis Mitchell, and Assistant United States Attorney Sloan Heffron appeared for the Government. Both counsel for the defendant and the Government submitted proffers and arguments regarding

---

[1] The motion for release is dated March 24, 2024, but it was filed on March 22, 2024.

1  detention. Counsel for Mr. Rushing argued that he was ready to seek opiate use disorder
2  treatment, after spending time in jail, and at the time of his arrest he appeared to have been under
3  the influence of opiates. Counsel also emphasized that Mr. Rushing was pursuing treatment after
4  having secured his mother's support, and in 2020, he completed a 90-day Young Men's Program
5  on Oak Grove, demonstrating that Mr. Rushing recognized that he had a problem and his
6  willingness to seek help.

## II.     LEGAL STANDARD

The Bail Reform Act "mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Id.*; *see also, e.g.*, *United States v. Castaneda*, No. 18-cr-00047-BLF, 2018 WL 888744, at *3 (N.D. Cal. Feb. 14, 2018). Under the Act, detention prior to trial is a "carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

The Government expressly disclaimed the application of any presumption in favor of detention under 18 U.S.C. §§ 3142(e)(2) or (e)(3). Accordingly, the Court did not consider any such presumption in favor of detention.

The Court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime that involves, among other things, a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18

U.S.C. § 3142(g).

## III. ANALYSIS

First, Mr. Rushing's criminal history and characteristics raise serious concerns regarding the risk to public safety if he were to be released. *See* 18 U.S.C. § 3142(g)(3). The Court gives less weight to criminal activity from many years ago, but it is notable that Mr. Rushing's record includes a pattern of burglaries, as well as incidents of violence. During a period from 2012 to 2017, Mr. Rushing racked up five burglary convictions. *See* ECF No. 9 at 6–9. In 2015, he was convicted for felony burglary, arising from a home invasion in which a 90-year old man was hit over the head. Mr. Rushing's specific role in the incident is unclear from the information provided in the record. The incident, however, involved two elderly victims, and it is not disputed that Mr. Rushing was present. Mr. Rushing was then convicted in 2020 for felony battery, and property damage through a hit and run. The conviction arose from a 2019 road rage incident in which he attacked a bicyclist. Video footage reportedly shows Mr. Rushing pushing a victim to the ground, resulting in his suffering a broken wrist. Mr. Rushing then returned to his vehicle, and accelerated his vehicle towards the victim, nearly running him over. At the time, Mr. Rushing was on parole for a prior burglary conviction. The road rage incident occurred less than five years prior to Mr. Rushing's arrest underlying the current charge for felon in possession with a firearm.

The Government has also proffered information indicating Mr. Rushing's involvement a violent street gang, Eddy Rock. Most importantly, a San Francisco Police Department officer identified Mr. Rushing as an individual dressed in a blue camouflage sweatshirt, who was surveilled during the early morning hours of September 29, 2022 carrying an AK-style assault firearm and vandalizing a memorial for a deceased rival gang member. ECF No. 13-1. The Government also proffered information that in December 2020, upon execution of a search warrant for an Eddy Rock gang member, Mr. Rushing was found hiding under a parked vehicle. ECF No. 13 at 2. The search led to the recovery of a cache of firearms and ammunition, including a Glock that contained a DNA profile matching Mr. Rushing. While this conduct was not charged, Mr. Rushing's 2020 conviction and the terms of his sentence leave open the possibility he was in fact associating with Eddy Rock gang members and carrying a weapon. This uncharged

4

conduct carries less weight with the Court, but the Court considers these proffers regarding Mr. Rushing's involvement with the Eddy Rock gang, along with his history of having been shot, at least twice in the past five years. There are strong reasons to suspect that Mr. Rushing, beyond living in a neighborhood that is disproportionately impacted by violence, associates with a violent gang, carries firearms, and has been willing to engage in significant violence. Though the pre-report indicates family ties and some employment history for Mr. Rushing, his family and work did not preclude his participation in violent incidents or his associations with Eddy Rock gang members. Mr. Rushing's history and characteristics strongly favor detention.

Next, the Court turns to the circumstances surrounding Mr. Rushing's current arrest and charge, which the Court must consider pursuant to 18 U.S.C. § 3142(g)(1). Mr. Rushing was arrested with a loaded gun on his person. He was initially resistant to the arrest. While possession in violation of § 922(g)(1) is considered a nonviolent offense, the larger context in which Mr. Rushing possessed a weapon raises serious concerns. Mr. Rushing was armed at a late hour on Turk street, where there is significant criminal activity. Ordinary businesses, including the nearby methadone clinic, were not likely operating at that time. Mr. Rushing risked exposing the neighborhood and the community to further danger by being present with a weapon in volatile, unpredictable setting that is well known for criminal activity and violence. These factors underscore the risk of danger that Mr. Rushing poses to the community if released, and favor detention.

The Court also considers the weight of the evidence against Mr. Rushing in connection with the current charge. *See* 18 U.S.C. § 3142(g)(2). The record before the Court indicates that there is a law enforcement affidavit attesting to the circumstances in which Mr. Rushing was found to have had a weapon, following his felony conviction. Under Ninth Circuit precedent, however, this factor is the least important. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). This factor lends marginal additional support in favor of detention.

The Court must also consider the nature and seriousness of the danger to the community involved if Mr. Rushing could act out in violence against a community member, either in conjunction with gang activity or to carry out some kind of burglary or other theft consistent with

5

his criminal history.

The Court must also weigh the nature and seriousness of the danger to any person or the community that would be posed by Mr. Rushing's release. 18 U.S.C. § 3142(g)(4). Here, Mr. Rushing's release could pose a serious danger and risk of violence because he is associated with a violent street gang, he is implicated in an ongoing rivalry between certain San Francisco gangs, and he has a record of past involvement in violent incidents and carrying firearms.

Finally, the Court has also considers Mr. Rushing's proposed conditions for release because it must consider whether any conditions for release may sufficiently mitigate the risk of danger and reasonably assure the public's safety upon his release. Foremost, Mr. Rushing has proffered his mother as a surety. She is a suitable surety, and she also expressed willingness to serve as a custodian. Mr. Rushing has also proposed that he enter a residential treatment facility to address an addiction to opiates. The record supports Mr. Rushing's contention that he has an opiate addiction. However, he has not sought out treatment in earnest until he decided against entering his change of plea. This creates significant doubt that Mr. Rushing is truly motivated to seek treatment, or whether his proposal is a strategy to delay a resolution to his case and a possible custodial sentence.

Furthermore, the record indicates that he may have engaged in violent behavior, namely the road rage incident, and associated with Eddy Rock gang members, even as he struggled with opiate use disorder. He reportedly completed a 90-day Young Mens Group in 2020, but the Government's proffers indicate that he still subsequently associated with Eddy Rock gang members, carried a high-powered firearm on the streets of San Francisco, and participated in vandalism targeting a rival gang. Even crediting that Mr. Rushing is struggling with a substance use disorder, this does not absolve him of the evidence of his willingness to engage in violence, associate with a violent gang, and carry weapons in public.

A substance use disorder and a request for treatment does not overcome the present record which shows, by clear and convincing evidence, that Mr. Rushing poses a that cannot be mitigated through any combination of conditions. Enrollment in a residential treatment facility would not prevent Mr. Rushing from leaving that facility to engage in gang activity or acts of violence if he

was determined to do so.  Treatment for Mr. Rushing's substance use disorder and mental health conditions should be pursued because, over the long run, recovery from past trauma and addiction will likely advance Mr. Rushing's goals for a better life and wellbeing and improve public safety. However, those treatments should be pursued in a setting that provides, stronger, reasonable assurance that the public will remain safe.

## IV.  CONCLUSION

For the foregoing reasons, weighing the four factors under 18 U.S.C. § 3142(g), the defendant is hereby ordered detained.  The Government has showed by a clear and convincing evidence that no condition or combination of conditions will reasonably assure the public's safety if Mr. Rushing were to be released.

**IT IS SO ORDERED.**

Dated: April 3, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge